# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. MJ21-591 |
|---|---|
| Plaintiff | **COMPLAINT** |
| v. | Title 18, United States Code, Section 111(a)(1) |
| MIN WOO SHIN, | |
| Defendant. | |

BEFORE United States Magistrate Judge S. Kate Vaughan, Seattle, Washington. The undersigned complainant being duly sworn states:

### Count 1

### (Assault of a Federal Officer)

On or about November 2, 2021, at SeaTac International Airport, in the Western District of Washington, the Defendant, MIN WOO SHIN, knowingly, intentionally, and forcibly assaulted J.H., an officer of the United States and of an agency of the United States Government, that is, the Department of Homeland Security Customs and Border Protection, while such officer was engaged in and on account of his performance of official duties.

All in violation of Title 18, United States Code, Section 111(a)(1).

COMPLAINT / *U.S. v. Shin* - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

And the complainant states that this Complaint is based on the following information:

I, Glenn R. Karabeika, being first duly sworn on oath, hereby depose and state as follows:

## AFFIANT BACKGROUND

1. I am a special agent assigned to the Seattle office of Homeland Security Investigations (HSI). I am a law enforcement officer currently authorized to investigate and enforce violations of federal criminal statutes, including those found in Title 18 of the United States Code. I have received basic criminal investigator training and advanced training at the Federal Law Enforcement Training Center. I have been a special agent with HSI and its predecessor agency, the United States Customs Service for over 33 years.

2. The facts in this affidavit come from my personal observations, training and experience, and information obtained from other law enforcement officers and witnesses.

3. This affidavit is submitted for the limited purpose of establishing probable cause to believe that Defendant, MIN WOO SHIN, has committed the offense of Assault of a Federal Officer, in violation of Title 18, United States Code, Section 111(a)(1). I have not included every fact concerning this investigation. Rather, I have set forth the facts that I believe are necessary for a fair determination of probable cause.

4. This complaint is being presented electronically pursuant to Local Criminal Rule CrR 41(d)(3).

## SUMMARY OF PROBABLE CAUSE

5. On November 2, 2021, at 1130 hours, Customs and Border Protection Officers (CBPO) J.H. and Crosswait arrived at SeaTac International Airport, gate S10 where Delta Airlines flight DL 197 was preparing to board for an outbound flight to Incheon, South Korea. CBPOs Crosswait and J.H. were tasked with examining United States citizen MIN WOO SHIN because he was a match for an active warrant (NCIC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  W543747678), with full extradition out of Henrico County, Virginia for counterfeiting.
2  Delta Airlines employee Park was asked to call forward SHIN and at 1135 hours, SHIN
3  presented himself at the gate ticketing counter.

4      6.    CBPO Crosswait contacted Port of Seattle Police Department and provided
5  notification that SHIN was the subject of an active warrant and was onsite and in CBP
6  custody. Meanwhile, CBPO J.H. obtained a binding declaration and conducted a baggage
7  exam. A binding declaration is a series of questions asked to person entering or leaving
8  the United States by a Customs and Border Protection officer. SHIN inquired as to why
9  he was selected for questioning and expressed concern about his flight. CBPO J.H.
10 explained that as an international traveler, Customs and Border Protection has the
11 authority and responsibility to examine travelers, to include U.S. citizens, and their
12 belongings. CBPO J.H. also explained it was not his intention for SHIN to miss the flight.
13 SHIN was cooperative during the baggage exam, provided answers to questions about his
14 studies and personal belongings, and willingly followed CBPO Crosswait to a pat down
15 room.

16     7.    Once inside the pat down room, CBPO Crosswait conducted a pat down of
17 SHIN witnessed by CBPO J.H. SHIN was informed that he would be placed in
18 handcuffs and willingly faced a wall and placed both hands on the wall at the request of
19 CBPO Crosswait. When CBPO Crosswait placed his hand on SHIN's left arm, SHIN
20 pulled his arm away and turned to face CBPOs Crosswait and J.H.. SHIN stated "no, I
21 have to go to my flight." CBPO J.H. informed SHIN that he was not released at this time
22 and that he needed to place his hands behind his back. SHIN stated he would not place
23 his hands behind his back. CBPO J.H. again instructed SHIN to place his hands behind
24 his back in order to be cuffed. SHIN repeated that he would not place his hands behind
25 his back and that he needed to go to his flight. CBPO J.H. instructed SHIN to place his
26 hands behind his back and SHIN stated "no." CBPO Chouchen, who was also in the pat
27 down room, then took control of SHIN's right wrist and CBPO Crosswait took control of
28 SHIN's left wrist. CBPOs J.H. and Crosswait placed SHIN's arms behind his back to

properly place the handcuffs. In response, SHIN moved his arms to the sides of his torso and bent his elbows so that his arms were in front of his body. CBPO Crosswait then placed one side of the handcuffs on SHIN's left wrist and moved SHIN's left hand to his back. CBPO J.H. moved SHIN's right hand to his back and CBPO Crosswait was able to apply the remaining side of his handcuffs. At 1148 hours CBPO Crosswait adjusted the tightness of the handcuffs to ensure that they were applied correctly and then double locked the handcuffs.

8. SHIN sat down at the request of CBPOs Crosswait and J.H. CBPO Crosswait left the pat down room to make copies of SHIN's documents. SHIN repeatedly demanded CBPO J.H. remove the handcuffs and to provide his name. CBPO J.H. provided his name to which SHIN responded, "I'm going to put your name in my phone so I can complain to the government." SHIN also stated that he needed to get his phone and leave and that he had already missed his flight yesterday. CBPO J.H. attempted to explain that Port of Seattle Police were arriving, but SHIN repeatedly yelled "SHUT UP!" SHIN then stood up and attempted to walk to the pat down room door. CBPO J.H. stopped SHIN by placing his left hand on SHIN's chest. SHIN stepped back to the corner of the room, but stated he would not sit down. CBPO attempts to reason with SHIN resulted in SHIN telling the officer(s) to, "SHUT UP."

9. Shortly thereafter, SHIN moved towards CBPO J.H. and came within a few inches of his chest and face. CBPO J.H. placed his left hand on SHIN's upper chest and extended his arm to gain a safe distance. At this time, SHIN used his right foot to kick CBPO J.H.'s upper left leg and left testicle. CBPO J.H. maintained contact with his left hand on SHIN's upper right chest and held him against the wall of the pat down room. SHIN then attempted to kick CBPO J.H., but CBPO J.H. prevented the kick using his right hand. At this point, CBPO Bolavong assisted CBPO J.H. by placing his hand on SHIN's left upper chest/shoulder area.

10. At approximately 1152 hours, SHIN was able to manipulate his left hand from behind his back and grab the lower right elastic of his mask with one finger to pull it

down. SHIN manipulated his mouth and lips to prepare to spit. CBPO J.H. pulled SHIN's mask up with his right hand in time to block the spit which was audibly expectorated. After fixing SHIN's mask so that it was properly over his nose and mouth again, SHIN again raised his right leg to kick CBPO J.H., however, CBPO J.H. placed his right hand on SHIN's thigh to prevent SHIN from committing additional assaults. CBPO J.H. reported feeling pain from the assault.

11. Based on the above facts, I respectfully submit that there is probable cause to believe that Defendant, MIN WOO SHIN, did knowingly and intentionally commit the offense of Assault of a Federal Officer, in violation of Title 18, United States Code, Section 111(a)(1).

*[signature]*
Glenn R. Karabeika, Complainant
Special Agent, Homeland Security
Investigations

The above-named agent provided a sworn statement attesting to the truth of the contents in the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 3rd day of November, 2021.

*[signature]*
HON. S. KATE VAUGHAN
United States Magistrate Judge